UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEREMY ROSS MARJAMAA,

    Plaintiff,

  v.

SUSAN LOONSFOOT,

    Defendant.

_____/

Case No. 2:19-cv-00240

Hon. Hala Y. Jarbou
U.S. District Judge

## **REPORT AND RECOMMENDATION**

### I. **Introduction**

Jeremy Ross Marjamaa, a former inmate at the Chippewa County Jail, filed this civil action against Susan Loonsfoot, who is a nurse on the medical staff at the Jail, on November 27, 2019.   Marjamaa's initial complaint asserted that Loonsfoot was negligent in treating an abscessed tooth that had become infected.   (ECF No. 1, PageID.3-5.)   This complaint did not assert a violation of Marjamaa's rights under the U.S. Constitution.   The complaint stated that Marjamaa was suing Loonsfoot in her official capacity and that he sought monetary damages in the amount of $250,000. (*Id.*, PageID.2, 4.)

Marjamaa then filed four supplements to his complaint.   (ECF Nos. 3, 5, 9, 10.)   In his first supplement, Marjamaa stated that Defendant's last name might be Lightfoot instead of Loonsfoot. [1]   (ECF No. 3.)   In his next three supplements, Marjamaa provided updates on his medical condition.   (ECF Nos. 5, 9, 10.)

_____

[1] Defendant identifies herself as Terri Lightfoot, R.N.   (ECF No. 15.)   This report and recommendation will refer to Defendant Loonsfoot because that is the

On February 20, 2020, the undersigned conducted a telephone conference with the parties to discuss the status of the case.   (ECF No. 12 (minutes).)   This conference was recorded.   During the conference, the undersigned asked Marjamaa about the basis for the Court's jurisdiction to hear his case.   Defendant asserted that the Court lacked jurisdiction to hear the case and stated that she would file a motion to dismiss on that basis.   The Court then issued a case management order setting a briefing schedule for Defendant's motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

A few days later, in a fifth supplement to his complaint, Marjamaa stated that he filed this civil action under 42 U.S.C. § 1983.   (ECF No. 14.)   He identified his claim as a deliberate indifference claim.

Without challenging Plaintiff's apparent amendment to his complaint, Defendant filed a motion to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), on March 6, 2020.   (ECF No. 15.)   Marjamaa filed a response (ECF No. 16). Defendant then filed a reply.   (ECF No. 17.)

The undersigned has reviewed the relevant pleadings and concludes, first, that the Court lacks jurisdiction to hear Marjamaa's case absent an amendment to his complaint.   And the undersigned concludes that Marjamaa has not sought or obtained leave of court or consent of opposing party to amend his complaint. Accordingly, the undersigned recommends dismissal of the complaint for lack of jurisdiction.   Alternatively, the undersigned concludes that Marjamaa has failed to

name listed for Defendant in ECF.

2

allege facts that, if accepted as true, would plausibly state a claim for relief because (1) he has not alleged facts establishing the subjective component of his deliberate indifference claim, and (2) he has not alleged that Defendant Loonsfoot was personally involved in a violation of his rights.   Accordingly, it is respectfully recommended that the Court dismiss the complaint.

## II.   Factual Allegations

Marjamaa says he did not receive proper medical treatment for an abscessed tooth for a few months while he was confined in the Chippewa County Jail.   (ECF No. 1.)   He asserts that he saw the "nurse" on a number of occasions and complained about tooth pain and an infection.   (*Id.*)   At the time he wrote the complaint, Marjamaa said he was on his fourth round of antibiotics and that his left cheek was swollen.   (*Id.*)   Marjamaa believes that he suffered with tooth pain for 75 days without seeing a dentist.   (*Id.*)

In a supplemental document, Marjamaa asserted that he continued to suffer with an infection after three rounds of antibiotics on November 26, 2019.   (ECF No. 5.)   He says that he requested to see a doctor but was taken to the "nurse."   (*Id.*) Marjamaa says that "they" gave him a different type of antibiotic.   (*Id.*)   Marjamaa says that "they" told him they would try to get his tooth extracted.   (*Id.*)   Marjamaa asserts that he had been given five rounds of antibiotics to fight the infection.   (*Id.*)

On November 21, 2019, Marjamaa submitted a grievance indicating that he needed his tooth pulled and he needed another round of antibiotics. (ECF No. 9-1,

PageID.36.)   The response stated that he needed to wait and that he was currently

on pain medication and an antibiotic.   The response is shown below:

(*Id.*)

On December 16, 2019, Marjamaa says that his tooth was extracted.   (ECF

No. 10.)

As noted in the introduction, on February 20, 2020, the undersigned conducted

a telephone conference on this case on the record.   (ECF No. 12.)   The Court then

issued a briefing scheduling for Defendant's motion to dismiss.   (ECF No. 13.)   On

February 24, 2020, Marjamaa filed a supplemental pleading that he entitled "brief in

support of claim."   (ECF No. 14.)   Although this filing is two pages in length, the

second page appears to be a hand-written copy of the first page.   The relevant portion

of the first page is shown below.

BY: _mlc_  SCANNED BY: _____

- Brief in Support of Claim -

1. The Plaintiff has Filed this Civil Complaint Under the Civil Rights Act U.S.C 42 § 1983.

2. This Claim is a Lack of medical Care. The Plaintiff did Not Receive dental Care For An Outrageous Amount of Time. This was AN Emergency, and it was Greived. The Plaintiff went Without medical Care. A deliberate indifference. This Violated Mr. MARJAMAA's 8th Amendment Constitutional Rights, As A U.S. Citizen. I State and Affirm; these Claims are True.

Respectfully Submitted,
Jeremy MARJAMAA

Jeremy Marjamaa

DATE:
02-22-2020

(ECF No. 14, PageID.45.)

### III.    Federal Jurisdiction

As an initial matter, the undersigned concludes that this Court lacks subject

matter jurisdiction to hear this case.    *See* 13 Charles Alan Wright & Arthur R.

Miller, Fed. Prac. & Proc. Civ. § 3522 (3d ed.) (stating "[i]t is a principle of first

importance that the federal courts are tribunals of limited subject matter jurisdiction"). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Here, Plaintiff Marjamaa's initial complaint (ECF No. 1) fails to establish this Court's subject matter jurisdiction. Although the amount of damages he seeks would satisfy the requirements of diversity jurisdiction under 28 U.S.C. § 1332, he fails to allege that the parties are residents of different states. (*Id.*, PageID.2.) In addition, his complaint failed to allege any other basis for federal jurisdiction.

The undersigned discussed the issue of the Court's subject matter jurisdiction during the on-the-record telephone conference on February 20, 2020, and issued a briefing schedule to address this issue that same day. (ECF Nos. 12, 13.) Before Defendant Loonsfoot could file her motion to dismiss under Fed. R. Civ. P. 12(b)(1), Marjamaa filed a supplement (his fifth) to his complaint that alleged a violation of his constitutional rights. He entitled this document "brief in support of claim" even though it was filed almost three months after Marjamaa's initial complaint. Marjamaa's supplement appears to amend his initial complaint by stating a basis for federal jurisdiction – 42 U.S.C. § 1983 – and by identifying a federal constitutional violation.

Marjamaa was required to obtain leave of court to amend his complaint. The "supplement" that identified a basis for federal jurisdiction was the fifth filed by Marjamaa. Rule 15 of the Federal Rules of Civil Procedure allows one amendment

- 6 -

as a matter of right within 21 days of service of a complaint.   Fed. R. Civ. P. 15(a)(1).
After that, a party must obtain the consent of the opposing party or leave of court.
Fed. R. Civ. P. 15(a)(2).   Marjamaa has done neither.

The undersigned recognizes that *pro se* pleadings are to be liberally construed.
*Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).   Here, Plaintiff did not move
to amend his complaint.   Instead, he attempted to address a deficiency in his
complaint by offering what he called a "brief in support of [his] claim" almost three
months after filing his complaint and after filing four previous supplements to his
complaint.   The proper course of action was to ask for leave to amend or seek the
opposing party's consent to an amendment.   Marjamaa did neither.   Accordingly,
the undersigned declines to treat his fifth supplement (ECF No. 14) as a motion to
amend his complaint and concludes that the Court lacks subject matter jurisdiction
to hear Plaintiff's case.

## IV.   Failure to State a Claim

Although the undersigned concludes that the Court lacks subject matter
jurisdiction to hear Plaintiff's case, the undersigned will address Defendant's motion
to dismiss under Fed. R. Civ. P. 12(b)(6) as an alternative basis for the Court's
decision.

### A. Legal Standards

The Federal Rules provide that a claim may be dismissed for "failure to state
a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   To survive a
Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted

as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).   Put differently, if plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).   Those factual allegations "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory."   *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (internal citations omitted).   "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein."   *Id.*

### B.   Marjamaa's Eighth Amendment Claim

### 1.   Deliberate Indifference

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.   U.S. Const. amend. VIII.   The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.   *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component.   *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).   To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious.   *Id.*   In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.   *Id.*   "[A]n inmate who complains that ***delay in medical treatment*** rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed."   *Napier v. Madison Cty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001) (emphasis added, citations omitted).   The Court of Appeals elaborated on the holding in *Napier* in its 2004 ruling in *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890 (6th Cir. 2004), where the Court stated the following:

> *Napier* does not apply to medical care claims where facts show an obvious need for medical care that laymen would readily discern as

- 9 -

requiring prompt medical attention by competent health care providers. *Napier* applies where the plaintiff's "deliberate indifference" claim is based on the prison's ***failure to treat a condition adequately***, or where the prisoner's affliction is seemingly minor or non-obvious. In such circumstances, medical proof is necessary to assess whether the delay caused a serious medical injury.

*Blackmore*, 390 F.3d at 898 (emphasis added).    Thus, *Napier* and *Blackmore* provide

a framework for assessing a claim of delayed or inadequate care for a non-obvious

condition: A plaintiff making this type of claim must place verifying medical evidence

in the record to show the detrimental effect of the delayed or inadequate treatment.

However, the objective component of the adequate medical care test is satisfied

"[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a

lay person." *Blackmore*, 390 F.3d at 899.

The subjective component requires an inmate to show that prison officials have

"a sufficiently culpable state of mind in denying medical care."    *Brown v. Bargery*,

207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834).    Deliberate

indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835,

but can be "satisfied by something less than acts or omissions for the very purpose of

causing harm or with knowledge that harm will result."    *Id.*    Under *Farmer*, "the

official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference."    *Id.* at

837.    The subjective component was recently summarized in *Rhinehart v. Scutt*, 894

F.3d 721 (6th Cir. 2018).    The court of appeals stated the following:

A doctor's errors in medical judgment or other negligent behavior do not suffice to establish deliberate indifference. Instead, the plaintiff must show that each defendant acted with a mental state "equivalent to

criminal recklessness."   This showing requires proof that each
defendant "subjectively perceived facts from which to infer substantial
risk to the prisoner, that he did in fact draw the inference, and that he
then disregarded that risk" by failing to take reasonable measures to
abate it.

A plaintiff may rely on circumstantial evidence to prove subjective
recklessness: A jury is entitled to "conclude that a prison official knew
of a substantial risk from the very fact that the risk was obvious." And
if a risk is well-documented and circumstances suggest that the official
has been exposed to information so that he must have known of the risk,
the evidence is sufficient for a jury to find that the official had
knowledge.

But the plaintiff also must present enough evidence from which a jury
could conclude that each defendant "so recklessly ignored the risk that
he was deliberately indifferent to it." A doctor is not liable under the
Eighth Amendment if he or she provides reasonable treatment, even if
the outcome of the treatment is insufficient or even harmful. A doctor,
after all, is bound by the Hippocratic Oath, not applicable to the jailor,
and the physician's job is to treat illness, not punish the prisoner.
Accordingly, when a claimant challenges the adequacy of an inmate's
treatment, "this Court is deferential to the judgments of medical
professionals." That is not to say that a doctor is immune from a
deliberate-indifference claim simply because he provided "some
treatment for the inmates' medical needs." But there is a high bar that
a plaintiff must clear to prove an Eighth Amendment medical-needs
claim: The doctor must have "*consciously* expos[ed] the patient to an
*excessive* risk of *serious* harm."

*Id.* at 738–39 (6th Cir. 2018) (internal citations omitted).

Not every claim by a prisoner that he has received inadequate medical

treatment states a violation of the Eighth Amendment.   *Estelle*, 429 U.S. at 105.   As

the Supreme Court explained:

[A]n inadvertent failure to provide adequate medical care cannot be said
to constitute an unnecessary and wanton infliction of pain or to be
repugnant to the conscience of mankind. Thus, a complaint that a
physician has been negligent in diagnosing or treating a medical
condition does not state a valid claim of medical mistreatment under the
Eighth Amendment. Medical malpractice does not become a

constitutional violation merely because the victim is a prisoner.   In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted).

Differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim.  *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering.   *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment."   *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).   If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."   *Id.*; *Rouster v. Saginaw Cty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland Cty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that

- 12 -

his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell* 553 F. App'x at 605 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).   He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."   *Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

## 2.   Analysis of Marjamaa's Eighth Amendment Claim

Marjamaa's complaint and supplements appear to satisfy the objective component of his deliberate indifference claim.   As noted above, the objective component is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore*, 390 F.3d at 899.   Marjamaa's abscessed tooth and the related infection meet this requirement.

Marjamaa has not, however, alleged facts that satisfy the subjective component.   As explained in *Rhinehart v. Scutt*, he must allege facts showing that Defendant "acted with a mental state equivalent to criminal recklessness" and that Defendant "so recklessly ignored the risk that [she] was deliberately indifferent to it." 894 F.3d at 738-39.   Marjamaa has failed to allege facts that, if accepted as true, would plausibly satisfy the subjective component of a deliberate indifference claim.

## C.   Lack of Personal Involvement

Marjamaa has also failed to make any allegations against Defendant Loonsfoot that could trigger liability under Section 1983.   "[A] § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable

- 13 -

conduct (not somebody else's) *caused* the injury."   *Pineda v. Hamilton Cty., Ohio*, No. 19-3839, 2020 WL 5868402, at *3 (6th Cir. Oct. 2, 2020) (italics in original). Marjamaa complaint asserts claims against an un-named nurse and the medical staff.   The body of his complaint fails to assert any claims against Loonsfoot personally.   (ECF No. 1.)   Marjamaa's first supplement (ECF No. 5) alleges that "they" would not treat his condition.   The remaining supplements also fail to name Loonsfoot personally in the alleged unlawful conduct even though Marjamaa knew her name by the time he met with the Court for a status conference on February 20, 2020.

Marjamaa failed to attribute specific conduct to Defendant Loonsfoot in his complaint.   Moreover, it appears that several different individuals may have been involved in Marjamaa's medical care and in responding to his requests for additional care.   Marjamaa has failed to explain how Defendant Loonsfoot was involved in his medical care, what she allegedly failed to do, and how her alleged conduct was deliberately indifferent to his medical needs.

### V.   Recommendation

The undersigned concludes that the Court lacks jurisdiction to hear Marjamaa's case absent an amendment to his complaint.   Alternatively, the undersigned concludes that Marjamaa has failed to allege facts that, if accepted as true, would plausibly state a claim for relief because (1) he has not alleged facts establishing the subjective component of his deliberate indifference claim, and (2) he has not alleged that Defendant Loonsfoot was personally involved in a violation of his

rights.   Accordingly, it is respectfully recommended that the Court dismiss the complaint.[2]

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    October 28, 2020                      /s/ *Maarten Vermaat*
                                                MAARTEN VERMAAT
                                                U.S. MAGISTRATE JUDGE

---

[2]     **Error! Main Document Only.**In considering this motion, the undersigned has been mindful of the fact that plaintiff is proceeding *pro se*.   As such, his pleadings are subject to less stringent standards than those prepared by attorneys.   *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972).